UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Krish Lal Isserdasani; Hamidreza Khademi, *Plaintiffs*, v. KRISTI NOEM, in her official capacity as Secretary of Homeland Security; the U.S. DEPARTMENT OF HOMELAND SECURITY; and TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, *Defendants*. | Case No. 25-cv-283 **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiffs are international students in lawful F-1 status, enrolled at the University of Wisconsin - Madison and the University of Iowa. They are among hundreds, if not more, of F-1 students nationwide whose student status records have been abruptly and unlawfully terminated by U.S. Immigration and Customs Enforcement ("ICE") in recent weeks, effectively stripping them of their ability to remain students in the United States, and robbing them of their futures. Exhibits A, C.

2. Plaintiff Krish Lal Isserdasani is a 22-year-old undergraduate student at the University of Wisconsin-Madison who has been pursuing a Bachelor's degree in Computer Engineering since August 2021. He expected to graduate in less than a month. He has not violated or otherwise failed to maintain his student status. Decl. of Krish Lal Isserdasani.

3. Plaintiff Hamidreza Khademi graduated from the University of Iowa in December 2023 with a Master's degree in Architecture and remained under student status with lawful work authorization as he took a job as an Assistant Project Manager at Stantec, where he oversees

COMPLAINT - 1

multiple essential projects at Dallas-Fort Worth International Airport. He and his wife are expecting their first child in two to three months. Mr. Khademi has not violated or otherwise failed to maintain his student status. Decl. of Hamidreza Khademi.

4. Plaintiffs' student statuses were terminated by Defendants because they were "identified in criminal records check and/or has had their VISA revoked," but neither of them have any conviction that would constitute a student status violation leading to termination of their statuses or visas. Exhibit A.

5. Defendants' termination of Plaintiffs' student statuses was unlawful and is causing Plaintiffs significant and undue hardship. Plaintiffs have devoted time and energy, and have made sacrifices in pursuit of their academics. They risk losing that investment.

6. Plaintiffs do not challenge the revocation of visas in this action. Rather, Plaintiffs bring this action under the Administrative Procedure Act ("APA"), the Fifth Amendment to the U.S. Constitution, and the Declaratory Judgment Act to challenge ICE's unlawful termination of their student records.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (Mandamus and Venue Act of 1962), 5 U.S.C. §§ 701-702, 706 (APA), and 28 U.S.C. § 2201-02 (authority to issue declaratory judgment when jurisdiction already exists).

8. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States acting in their official capacities; Plaintiff Krish Lal Isserdasani resides in Madison, Wisconsin, which is located within the Western District of Wisconsin; and there is no real property involved in this action.

## PARTIES

9. Plaintiff Krish Lal Isserdasani currently resides in Madison, Wisconsin. He is a

COMPLAINT - 2

citizen of India.

10. Plaintiff Hamidreza Khademi currently resides in Dallas, Texas. He is a citizen of Iran.

11. Defendant U.S. Department of Homeland Security ("DHS") is a cabinet-level department of the Executive Branch of the federal government and is an "agency" within the meaning of 5 U.S.C. § 551(1). DHS includes various component agencies, including U.S. Immigration Customs and Enforcement ("ICE").

12. Defendant Kristi Noem is the Secretary of Homeland Security and has ultimate authority over DHS. In that capacity and through her agents, Defendant Noem has broad authority over the operation and enforcement of the immigration laws. Defendant Noem is sued in her official capacity.

13. Defendant Todd Lyons is the Acting Director of ICE and has authority over the operations of ICE. In that capacity and through his agents, Defendant Lyons has broad authority over the operation and enforcement of the immigration laws. Defendant Lyons is sued in his official capacity. ICE is responsible for the termination of Plaintiffs' student records.

## LEGAL FRAMEWORK

14. Congress established a statutory basis for student visas under 8 U.S.C. § 1101(a)(15)(F)(i) requiring that international students engage in a full course of study, among other things.

15. The U.S. Department of State is responsible for visa issuances. International students can apply for a visa at U.S. embassies and consulates abroad. Issuance of an F-1 student visa controls a student's *entry* into the United States, not their continued lawful presence.

16. Once admitted in student status, a student is granted permission to stay in the United States as long as they continue to meet the requirements governing their visa classification,

COMPLAINT - 3

such as maintaining a full course of study and not engaging in unauthorized employment. 8 C.F.R. § 214.2(f).

17. The Student and Exchange Visitor Information Systems ("SEVIS") is a centralized government database that tracks international students' compliance with their F-1 status. *See About SEVIS*, Dep't of Homeland Security, https://studyinthestates.dhs.gov/site/about-sevis (last visited Apr. 13, 2025). ICE, through the Student and Exchange Visitor Program ("SEVP"), uses SEVIS to monitor student status and track their compliance with terms of their status. Only schools and ICE have access to SEVIS records. Students have no way to view or edit their own SEVIS record.

18. The regulations provide a list of specific circumstances where certain conduct by a nonimmigrant constitutes a failure to maintain status, such as engaging in unauthorized employment, providing false information to DHS, or engaging in criminal activity. 8 C.F.R. §§ 214.1(e)-(g). For international students, these specified actions may result in SEVIS termination.

19. Criminal activity is defined narrowly, and a failure to maintain status results only when a student is "convict[ed] . . . for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed)[.]" 8 C.F.R. § 214.1(g). Mere arrests do not meet the threshold for termination based on criminal activity.

20. In the absence of a student's conduct causing a status violation, ICE can only terminate SEVIS records under three circumstances: (1) a previously-granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying

COMPLAINT - 4

national security, diplomatic, or public safety reasons for termination. 8 C.F.R. § 214.1(d). DHS cannot otherwise unilaterally terminate nonimmigrant status. *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019).

21. The revocation of a visa by the State Department does not constitute failure to maintain status and ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record." Exhibit B. If the visa is revoked, the student is permitted to pursue their course of study in school. *Id*.

22. While a visa revocation by the State Department *can* make a student deportable, 8 U.S.C. § 1227(a)(1)(B), deportability can be contested in removal proceedings. *See* 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation). The immigration judge may dismiss removal proceedings where a visa is revoked, so long as a student is able to remain in valid status. *See* 8 C.F.R. § 1003.18(d)(1)(ii)(B) (permitting an immigration court to terminate removal proceedings where "[t]he noncitizen is prima facie eligible for . . . lawful status[.]"

23. In other words, a person in removal proceedings may continue to have student status, and only when a final removal order is entered would status be lost.

24. Thus, a student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated simply based on alleged deportability.

25. However, the termination of a SEVIS record effectively ends F-1 student status. The immigration courts have no ability to review the SEVIS termination here because the process is collateral to removal. *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019).

26. There is also no administrative appeal of a denial to reinstate F-1 status. The termination of a SEVIS record constitutes final agency action for purposes of APA review. *See*

COMPLAINT - 5

*id.* at 185.

27.     If Defendants believe a student is deportable, they have the authority to initiate removal proceedings and make their case in court while the SEVIS record remains active and the student continues their coursework. Defendants cannot, however, misuse SEVIS to circumvent the law, strip students of status, and drive them out of the country without process.

## FACTUAL ALLEGATIONS[1]

*Plaintiff Krish Isserdasani*

28.     Mr. Isserdasani is a 22-year-old international student from India. The State Department issued him an F-1 student visa more than four years ago. He first entered the United States on August 24, 2021, and began his studies at the University of Wisconsin - Madison. He is currently in his senior year and is fewer than 30 days from graduating with a bachelor's degree in computer engineering.

29.     Mr. Isserdasani has always abided by the terms of his F-1 student status.

30.     On April 4, 2025, the University informed Mr. Isserdasani via email that his SEVIS record was terminated. Exhibit A. They indicated that they "did not terminate [his] SEVIS record. Instead [they] discovered that [his] SEVIS record was terminated." *Id*. They indicated that the explanation in the SEVIS system database stated: "OTHERWISE FAILING TO MAINTAIN STATUS – Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." *Id*.

31.     The email states, "A termination for this reason does not have a grace period to depart the U.S.," and "[a]ll employment benefits, including on-campus employment and any practical training you may have had authorized, end immediately when a SEVIS record is

---

[1] Plaintiffs' facts are taken from their Declarations unless otherwise indicated.

COMPLAINT - 6

terminated. Therefore, you no longer have authorization to work in the United States." *Id.*

32. Mr. Isserdasani is unaware of the factual basis for the termination of his SEVIS status. His only interaction with law enforcement is an arrest for disorderly conduct which the district attorney declined to charge. He was never formally charged, required to appear in court, or convicted of a crime.

33. The unlawful termination of Mr. Isserdasani's SEVIS record and status has put his education and career trajectory at immediate risk. He has invested approximately $240,000 in his U.S. education to date. The termination means he will immediately lose $17,500 in tuition for the current semester, and he remains liable for rent under his lease for the next four months, despite being unable to remain in the country.

34. Most critically, with graduation just weeks away, this termination prevents him from completing his degree and applying for Optional Practical Training, which is temporary work authorization to gain additional experience in the field of study.

35. This sudden action, taken without notice or explanation, has left Mr. Isserdasani with no clear path forward to complete his education or pursue the career opportunities he has worked toward for nearly four years.

36. This termination creates a risk for Mr. Isserdasani in that ICE may use the termination of the SEVIS record as a basis to unlawfully detain and deport him—an outcome other students have already faced. *See, e.g., Ozturk v. Trump*, No. 25-cv-10695-DJC, 2025 U.S. Dist. LEXIS 64831 (D. Mass. Apr. 4, 2025).

*Plaintiff Hamidreza Khademi*

37. Mr. Khademi is a 34-year-old international student from Iran. The State Department issued him an F-1 student visa on October 5, 2021. He lawfully entered the United

COMPLAINT - 7

States on December 15, 2021, to pursue his master's in architecture at the University of Iowa.

38. Mr. Khademi graduated in December 2023 and was approved for Optional Practical Training, which authorized him to work in the United States for one year after graduation. Because Mr. Khademi's field of study constituted a field in Science, Technology, Engineering, and Mathematics, he was eligible for an additional two years of work authorization.

39. Through his valid SEVIS record, Mr. Khademi is lawfully employed as an Assistant Project Manager at the Dallas-Forth Worth International Airport where he oversees multiple essential infrastructure projects.

40. On April 10, 2025, the University of Iowa informed Mr. Khademi that his "[SEVIS] record was marked 'terminated' by SEVP as of April 10, 2025, indicating that the U.S. government believes [he has] violated [his] status." Exhibit A. The email states the termination reason is "OTHER - Individual identified in criminal records check and/or has had their VISA revoked. SEVIS record has been terminated." *Id*.

41. The letter states that Mr. Khademi's work authorization is also terminated immediately and he should "cease any employment immediately." *Id*.

42. Mr. Khademi informed his employer of the terminations and he has been placed on leave.

43. Mr. Khademi is unaware of the factual basis for the termination of his SEVIS status. His only interaction with law enforcement is an arrest for a traffic incident which the Texas Department of Public Safety declined to charge. He was never formally charged, required to appear in court, or convicted of a crime.

44. The unlawful termination of Mr. Khademi's SEVIS record and status has impacted his employment and career trajectory. He remains liable for rent under his lease despite

being unable to remain in the country.

45. Most critically, his wife is pregnant and they are expecting their first child in two months. He worries about how he will provide for his wife and son without any income.

46. Mr. Khademi recently invested in nursery furniture, baby supplies, and essential equipment including a crib, stroller system, car seat, and other necessities. It would cost Mr. Khademi an estimated $15,000 to $20,000 if forced to pack it all up and leave the country overnight.

47. This termination creates a risk for Mr. Khademi in that ICE may use the termination of the SEVIS record as a basis to unlawfully detail and deport him—an outcome other students have already faced. *See, e.g., Ozturk v. Trump*, No. 25-cv-10695-DJC, 2025 U.S. Dist. LEXIS 64831 (D. Mass. Apr. 4, 2025).

48. Plaintiffs were in full compliance with the terms of their F-1 status and had not engaged in any conduct that would warrant termination of their status. The grounds cited in the SEVIS termination by Defendants do not provide legal authority to terminate Plaintiffs' SEVIS records.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Administrative Procedure Act**
*(Unauthorized SEVIS Terminations)*

49. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

50. Under Section 706 of the APA, courts may set aside agency action that is "not in accordance with law; . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (C)-(D).

COMPLAINT - 9

51. Defendants have no statutory or regulatory authority to terminate Plaintiffs' SEVIS records based on criminal activity, which requires a conviction for a crime of violence for which a sentence of more than one year imprisonment may be imposed when Plaintiffs do not have any convictions. Plaintiffs have not committed any other violation or action that would provide a basis for termination. *See* 8 C.F.R. § 214.1(e)-(g).

52. For agency-initiated SEVIS termination, Defendants' ability to terminate F-1 student status "is limited by [8 C.F.R.] § 214.1(d)." *Jie Fang*, 935 F.3d at 185 n.100. Defendants can unilaterally terminate F-1 student status under the SEVIS system *only* when: (1) a previously-granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. But Defendants have done none of these three things.

53. Therefore, Defendants' termination of Plaintiffs' SEVIS records is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law, and this constitutes an APA violation.

## SECOND CAUSE OF ACTION
**Administrative Procedure Act**
*(Arbitrary and Capricious SEVIS Terminations)*

54. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

55. Under Section 706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), including if it fails to make "a rational connection between the facts found and the [determination] made. *Cook Cnty., Illinois v. Wolf,* 962 F.3d 208, 229 (7th Cir. 2020) (quoting

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 2866, 77 L. Ed. 2d 443 (1983).

56. Defendants vaguely cite "criminal records check and/or has had their VISA revoked" as the reason for terminating Plaintiffs' SEVIS records, but neither Plaintiff has a qualifying conviction, nor have their visas been revoked, and these therefore cannot not form the basis for the terminations.

57. They have failed to articulate the facts that formed a basis for their decision to terminate Plaintiffs' SEVIS status in violation of the APA, let alone any rational connection between the facts found and the decision made.

58. Defendants' action is therefore arbitrary and capricious and violated the APA.

## THIRD CAUSE OF ACTION
### Fifth Amendment
*(Procedural Due Process)*

59. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

60. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of property interests protected under the Due Process Clause of the Fifth Amendment.

61. Once a student is lawfully admitted to the United States in F-1 status and complies with the regulatory requirements of that status, the continued registration of that student in SEVIS is governed by specific and mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain enrolled as an international student, Plaintiffs have a constitutionally-protected property interest in their SEVIS registration. *See ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015)

(recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in nondiscretionary application for naturalization).

62. Defendants terminated Plaintiffs' SEVIS records based on improper grounds without prior notice and without providing Plaintiffs an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS terminations is a violation of due process under the Fifth Amendment.

### FOURTH CAUSE OF ACTION
### Administrative Procedure Act
*(Procedural Due Process)*

63. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

64. Under Section 706(a) of the APA, final agency action can be set aside if it is "contrary to constitutional right, power, privilege, or immunity[.]" 5 U.S.C. § 706(2)(B).

65. Defendants terminated Plaintiffs' SEVIS records based on improper grounds without prior notice and without providing Plaintiffs an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

66. Defendants' action is contrary to a constitutional right and it therefore violates the APA.

### FIFTH CAUSE OF ACTION
### *Accardi* Doctrine
*(Unlawful SEVIS Terminations)*

67. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

COMPLAINT - 12

68. Under the *Accardi* Doctrine, Defendants are required to follow their own rules and procedures. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures.")

69. Defendants are bound by 8 C.F.R. § 214.1(d)-(g), which dictate specific grounds under which student status may be terminated.

70. Defendants terminated Plaintiffs' SEVIS records based on improper grounds, and they should therefore be set aside.

## SIXTH CAUSE OF ACTION
**Violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution**
*(Unlawful Detentions)*

71. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

72. The Fifth Amendment requires fair, pre-deprivation process when a person's liberty hangs in the balance.

73. In light of the unlawful termination of Plaintiffs' SEVIS records and F-1 student status, Plaintiffs are at risk of abrupt detention without prior notice.

74. Plaintiffs are international students in good standing. They are law-abiding young people who have been diligent in ensuring that they complied with all rules of their student status and U.S. immigration laws. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (finding immigration detention must further twin goals of (1) ensuring noncitizen's appearance during removal proceedings and (2) preventing danger to the community). There is no credible argument for Plaintiffs' immigration detention, preventing them from pursuing their studies.

## PRAYER FOR RELIEF

Plaintiffs prays that this Court:

COMPLAINT - 13

    A.    Assume jurisdiction over this matter;

    B.    Declare that the termination of Plaintiffs' SEVIS records was unlawful;

    C.    Enjoin Defendants' decision to terminate Plaintiffs' SEVIS records and F-1 status;

    D.    Enjoin Defendants from directly or indirectly enforcing, implementing, or otherwise taking any action or imposing any legal consequences—including causing Plaintiffs' visas to be revoked or detaining or removing Plaintiffs—as a result of that decision pending the instant case;

    E.    Award Plaintiffs costs of suit and reasonable attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable law; and

    F.    Award such other and further relief as this Court deems equitable, just, and proper.

Dated: April 14, 2025

Respectfully Submitted,

/s/ *Shabnam Lotfi*

SHABNAM LOTFI
VERONICA SUSTIC
LOTFI LEGAL LLC
2 E. Mifflin St., Ste. 803
Madison, WI 53701
shabnam@lotfilegal.com
veronica@lotfilegal.com
T: (608) 259-6226
F: (608) 646-4654

*Attorneys for Plaintiffs*

COMPLAINT - 14