IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISH LAL ISSERDASANI and
HAMIDREZA KHADEMI,

|                                        |                 |
| -------------------------------------- | --------------- |
| Plaintiffs,                            | ORDER           |
| v.                                     |                 |
|                                        | 25-cv-283-wmc   |

KRISTI NOEM, in her official capacity as
Secretary of Homeland Security; the U.S.
DEPARTMENT OF HOMELAND SECURITY; and
TODD LYONS, in his official capacity as Acting
Director of U.S. Immigration and Customs
Enforcement,

Defendants.

---

Plaintiffs Krish Lal Isserdasani and Hamidreza Khademi filed a joint complaint for declaratory and injunctive relief against Kristi Noem, in her official capacity as Secretary of Homeland Security ("DHS"), DHS, and Todd Lyons, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), claiming that DHS and ICE unlawfully terminated records of their F-1 international student visa status in the Student and Exchange Visitor System ("SEVIS") in violation of the Administrative Procedure Act and their right to due process. (Dkt. #1.) After a hearing on April 14, 2025, the court granted plaintiffs' motion for a temporary restraining order as to Isserdasani, a student at the University of Wisconsin-Madison, pending a preliminary injunction hearing. (Dkt. #7.) However, the court reserved a ruling as to Khademi, a graduate of Iowa State University engaging in authorized optional practical training in Dallas, Texas, and requested additional briefing about whether Khademi's claims belong before this court. (*Id*.)

Plaintiffs have supplemented the record with additional briefing, arguing that venue is proper for Khademi as well under 28 U.S.C. § 1391(e)(1). That provision states that a civil

action against an officer or employee of the United States may be brought "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).  Further, "[a]dditional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party."  *Id*.

Thus, plaintiffs argue that the Western District of Wisconsin is the proper venue for their claims because:  (1) Isserdasani "resides" in Madison; and (2) Khademi's claims may also proceed under § 1391(e)(1)(C) as a multi-plaintiff case where at least *one* of the plaintiffs is located, citing *Sidney Coal Co. v. Social Security Admin.*, 427 F.3d 336 (6th Cir. 2005).  (Dkt. #8, at 2.)  In response, however, defendants argue that venue is not proper as to *either* plaintiff. (Dkt. #9.)   In particular, defendants point out that as international students with *non-*immigrant F-1 visas, neither plaintiff can establish residency under § 1391(e)(1)(C) because "nonresident aliens do not 'reside' in any district of the United States."  *Dang v. Jaddou*, No. 2:23-cv-07290, 2024 WL 2501871, at *4 (C.D. Cal. Feb. 16, 2024) (quoting *Ibrahim v. Chertoff*, No. 06cv2071, 2007 WL 1558521, at *4 (S.D. Cal. May 25, 2007)).

Still, contrary to defendants' assertions, even if residency under § 1391(e)(1)(C) could not be established as to plaintiff Isserdasani, the allegations in the complaint make plain that he is, at a minimum, present in the Western District of Wisconsin, where has studied at the University of Wisconsin-Madison for four years, the arrest that purportedly justified the removal of his F-1 international student visa record from SEVIS occurred, and but for this

2

court's intervention he will be barred from completing his degree and faces a risk of deportation. Accordingly, a substantial part of the events or omissions giving rise to his claims before this court occurred here for purposes of 28 U.S.C. § 1391(e)(1)(B), and defendants have not shown that venue is improper as to Isserdasani. *See Ibrahim*, 2007 WL 1558521 at *5 (concluding that venue was proper for an alien's APA claims, despite his inability to establish residence under § 1391(e)(1), where events and omissions that were "significant and material" to the alien's claims occurred within the district).

Unfortunately, the same cannot be said for plaintiff Khademi, whose claims have no such connections to the Western District of Wisconsin, nor could he even arguably be found to have been a resident in this district. Plaintiffs' reliance on the *Sidney Coal* decision is also unpersuasive, as that case involves the residence of corporate subsidiaries and not individuals with distinct claims. 427 F.3d at 343. Khademi does not satisfy any of the elements for venue under § 1391(e)(1) or any other general venue statute. Thus, his claims were not properly filed in the Western District of Wisconsin. It further appears that, although the legal issues may be the same, Khademi's claims involve distinct facts and were not properly joined with Isserdasani's under Fed. R. Civ. P. 20(a)(1). *See Robinson v. Dart*, No. 13C1502, 2014 WL 222711, at *4 (N.D. Ill. Jan. 21, 2014) (concluding that a plaintiff with claims that would require different evidence and different witnesses should be severed). Khademi's claims must be severed and transferred to another, appropriate district. Plaintiffs' counsel may file notice no later than 3:00 p.m. tomorrow, April 18, 2025, where they believe venue is proper for Khademi's claims to be heard or voluntarily dismiss his claims here for refiling in a proper

venue.  Failing that, the court will sever and transfer his claims to the United States District

Court for the District of Columbia.[1]

ORDER

IT IS ORDERED that:

1) Plaintiffs' counsel shall notify the court no later than 3:00 p.m. on April 18, 2025, as to which court with proper venue plaintiff Hamidreza Khademi has a preference for transferring his claims.

2) Alternatively, plaintiffs' counsel may have until then to move to voluntarily dismiss plaintiff Khademi's claims without prejudice to refiling elsewhere.

Entered this 17th day of April, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The court notes that, as an aside, plaintiffs ask that the court proceed to enter a TRO in Khademi's case before transferring his case to another, proper venue.  However, this court does not want to presume to act on claims that will soon be  before another court, and would instead urge counsel to seek emergency relief in that court immediately after transfer.